# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| LAQUINTA INN & SUITES § | CAUSE NO. 15-10326 |
|     PARTNERSHIP § | |
| xx-xxx5502 § | (CHAPTER 11) |
| 1700 S. Wheeler § | |
| Jasper, Texas 75951 § | |
| § | |
| DEBTOR § | |

## THIRD AMENDED PLAN OF REORGANIZATION UNDER
## CHAPTER 11, TITLE 11, UNITED STATES CODE, PROPOSED BY DEBTOR

LaQuinta Inn & Suites Partnership (hereinafter "LaQuinta") hereby proposes the following Plan of Reorganization in this proceeding:

## ARTICLE I
## DEFINITIONS AND INTERPRETATION

1.1     Definitions.  The capitalized terms used in this Plan have the meanings set forth herein:

(a)     Administrative Claim- A Claim arising prior to the Effective Date for a cost or expense of administration of the Chapter 11 Case allowable under §503(b) of the Bankruptcy Code.

(b)     Allowed Claim - A Claim against the Debtor, proof of which was filed with the Court if no objection is filed, pursued or sustained.  An Administrative Claim shall arise and be allowed only upon an order of the Bankruptcy Court after proper application.

(c)     Allowed Priority Non-Tax Claim - Allowed Claims under § 507(a)(1) through (7) of the Bankruptcy Code.

(d)     Ballot - The document approved by the Bankruptcy Court for voting on the Plan and for holders of Class Claims to elect their treatment option.

(e) Bankruptcy Code - Title I of the Bankruptcy Reform Act of 1978, as amended and codified at Title 11 of the United States Code.

(f) Bankruptcy Court - The Bankruptcy Court of the United States District Court for the Eastern District of Texas, Beaumont Division, or such other court having jurisdiction over the Chapter 11 Case or any proceeding related thereto.

(g) Bankruptcy Rules - The Federal Rules of Bankruptcy Procedure, as the same are applicable to the Chapter 11 Case.

(h) Bar Date - The date established by the Bankruptcy Court by which a particular type of Claim must be evidenced by the filing of a proof of claim with the Bankruptcy Court. Absent further orders of the Bankruptcy Court extending the Bar Date, the Bar Date is **November 5, 2015** for all general claimants (or **December 29, 2015** for governmental claimants).

(i) Business Day - A day other than a Saturday, Sunday or any other day commercial banks in Beaumont, Texas are required or authorized by law to close.

(j) Chapter 11 Case - The case commenced under Chapter 11 of the Bankruptcy Code by the Debtor on July 2, 2015.

(k) Claim – As defined by 11 U.S.C. §101(5) of the Bankruptcy Code, and shall include, without limitation, any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, contested, uncontested, legal, equitable, secured, or unsecured as of the Effective Date; and an injunction, specific performance, remediation or any other equitable or non-monetary form of remedy, whether or not such right to an equitable form of remedy is reduced to judgment, fixed, contingent, matured, unmatured, requested, contested, secured, or unsecured as of the Effective Date.

(l) Collateral - Property in which the Debtor has an interest and that secures, in whole or in part, whether by agreement, statute, or judicial decree, the payment of a Claim.

2

(m) Confirmation Date - The date on which the clerk dockets the Confirmation Order determining the Plan meets the requirements of Chapter 11 of the Bankruptcy Code, which order has been previously entered by the Bankruptcy Court.

(n) Confirmation Order - The order of the Bankruptcy Court confirming the Plan under § 1129 of the Bankruptcy Code.

(o) Contested Claim - A Claim against the Debtor of which a proof of claim has been filed and as to which an objection has been filed with the Bankruptcy Court, but not yet determined by Final Order.

(p) Debt Schedules - The Statement of Liabilities of Debtor Engaged in Business filed by the Debtor with the Bankruptcy Court, and as subsequently amended.

(q) Disclosure Statement - The proposed Disclosure Statement filed under 11 U.S.C. § 1125 submitted by LaQuinta Inn & Suites Partnership, for its Plan of Reorganization, dated May 2, 2016.

(r) Effective Date - The later of (i) the first Business Day after the tenth (10th) calendar day following the Confirmation Date, if no notice of appeal is timely filed, or if a notice of appeal is filed with respect to the Confirmation Order, during which time no motion for stay pending appeal is granted or supersedeas bond is approved and filed, and (ii) in the event a stay is granted or supersedeas bond is approved and filed, the first Business Day on which the Confirmation Order becomes a Final Order.

(s) Estate - The legal entity created to administer the property of the Debtor by the commencement of the Bankruptcy Case.

(t) Exculpated Parties – Each of the Debtor's partners, employees, professionals and agents; and the Reorganized Debtor's officers, directors, employees, professionals and agents.

(u) Final Order - An order, judgment, ruling or other decree issued and entered by the Bankruptcy Court (as entered on the docket in the Chapter 11 Case), or any state or federal court or other tribunal located in one of the states, territories, or possessions of the United States of America or the District of Columbia, which judgment, order or other decree has not been reversed, stayed, modified

or amended, and as to which (i) the time to appeal or to seek review, rehearing or certiorari has expired and as to which no appeal or petition for review, rehearing or certiorari is pending or has been timely filed, or (ii) any appeal that has been or may be taken or any petition for certiorari that has been or may be filed has been resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought.

(v)     General Unsecured Claim - A Claim that does not have the benefit of Collateral to secure its repayment, and which is not an Administrative Claim, Administrative Convenience Claim, or Priority Non-Tax Claim.

(w)     LaQuinta- LaQuinta Franchising, LLC, the franchisor of the Debtor hotel "flag."

(x)     Person - Any individual, corporation, partnership, firm, joint venture, association, joint-stock company, trust, unincorporated organization, governmental or regulatory body or other entity.

(y)     Petition Date – July 2, 2015, the date on which the Debtor commenced its Chapter 11 Case.

(z)     PIP- The Property Improvement Plan as may be required by LaQuinta.

(aa)    Plan - The Plan of Reorganization under Chapter 11, Title 11, United States Code, as proposed by the Debtor, as it may be modified from time to time pursuant to its terms or an order of the Bankruptcy Court.

(bb)    Premium-The extra value, in the amount of $206,031.77 being paid by the Reorganized Debtor in excess of the value of the Debtor's assets.

(cc)    Reorganized Debtor – Shreem Corporation on and after the Effective Date, after giving effect to the provisions of this Plan.

(dd)    Secured Claim - Any Allowed Claim secured by property of the Estate, which Claim is equal to the lesser of (i) the Allowed amount of such Claim, or (ii) the value of the Collateral.

(ee)    Substantial Consummation - The first date upon which management of the Reorganized Debtor is assumed by the management of the Reorganized Debtor proposed under the Plan, and distributions of money or property to or for the benefit of creditors contemplated under the Plan

4

begin. Substantial Consummation shall not require that all or substantially all distributions under the Plan be completed, but merely that those distributions commence.

   (ff) Subordinated Claim – A Subordinated Claim is (i) any Claim of any person or entity that is liable with the Debtor on or has secured the Claim of another creditor to the extent that such co-obligor's Claim is for indemnity, contribution, or reimbursement and is not Allowed on or before the Confirmation Date, (ii) any Claim for penalties or punitive damages and any other Claim of the type described in §726(a)(4) of the Bankruptcy Code (and notwithstanding the general inapplicability of chapter 7 of the Bankruptcy Code), including any lien securing such Claim, and (iii) any Claim subordinated under §510 of the Bankruptcy Code, including any lien securing such Claim.

   (gg) Transferred Assets – Those assets, being all of the Debtor's real and personal property, including the Debtor's rights under any executory contract, transferred to the Reorganized Debtor pursuant to the sale and include substantially all of the Debtor's assets.

   (hh) Voting Deadline – The Voting Deadline is 5:00 p.m. Central Time on the date established by the Bankruptcy Court by which Ballots must be received by counsel for Debtor at the address indicated on the Ballots.

  1.2 <u>Undefined Terms</u>.  Terms and phrases, whether capitalized or not, that are used and not defined in this Plan, but that are defined in the Bankruptcy Code, have the meanings ascribed to them in the Bankruptcy Code.

  1.3 <u>Interpretation.</u>  Unless otherwise specified, all section, article, and schedule references in this Plan are to the respective section in, article of, or schedule to this Plan, as the same may be amended, waived, or modified from time to time. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

2.1    Creation of Classes.    The Debtor creates the following classes for purposes of organization only with respect to Administrative Claims; and for purposes of organization, voting, and all confirmation matters with respect to other Claims of the Debtor as follows:

(a) Class 1 – Allowed Administrative Expenses Claim
(b) Class 2 – Allowed Secured Claim of Chambers County (Hotel Occupancy Tax)
(c) Class 3 – Allowed Secured Claim of Chamber County Tax Office
(d) Class 4 – Allowed Secured Claim of First Bank & Trust, East Texas
(e) Class 5 - Allowed Secured Claim of Small Business Administration c/o US Department of Treasury
(f) Class 6 - Allowed Priority Claim of Internal Revenue Service
(g) Class 7 - Allowed Priority Claim of Texas Comptroller of Public Accounts
(h) Class 8 - Allowed Claims of Equity Security Holders of Debtor
(i) Class 9 - Allowed General Unsecured Claims

2.2    Non-Participating Classes.    Any class that is not occupied as of the date of the hearing on confirmation of this Plan by an Allowed Claim or a claim temporarily allowed pursuant to Rule 3018 of the Bankruptcy Rules shall (a) be deemed to accept the Plan or, (b) alternatively, be deleted from this Plan solely for the purpose of voting on acceptance or rejection of this Plan and for the purpose of determining whether this Plan has been accepted by such class pursuant to §1129 of the Bankruptcy Code, but not be deleted for purposes of enforcement of this Plan against such class from and after Confirmation.

## ARTICLE III
## IDENTIFICATION OF UNIMPAIRED CLASSES OF CLAIMS

3.1    Impaired Classes of Claims.    Classes 2, 4, 5, 7, 8, and 9 of Claims are impaired under this Plan.

3.2    Impairment Controversies.    If a controversy arises as to whether any Claim or any class of Claims, is impaired under this Plan, such class shall be treated as specified in this Plan unless the

Bankruptcy Court shall determine such controversy upon motion of the party challenging the characterization of a particular Claim under this Plan.

## ARTICLE IV
## ACCEPTANCE OR REJECTION OF PLAN;
## EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS

4.1     Classes Entitled to Vote.  Each impaired class of Claims shall be entitled to vote separately to accept or reject this Plan.  Any unimpaired class of Claims shall not be entitled to vote to accept or reject this Plan, but shall be deemed to have accepted the Plan pursuant to 11 U.S.C. §1126(f).

4.2     Class Acceptance Requirement.  A class of Claims shall have accepted this Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that have timely and properly voted on this Plan.

4.3     One Vote Per Holder.  If a holder of a Claim holds more than one Claim in any one class, all Claims of such holder in such class shall be aggregated and deemed to be one Claim for purposes of determining the number of Claims voting on this Plan absent further order of the Court prior to any confirmation hearing.

4.4     Cramdown.  Notwithstanding the rejection of this Plan by any class of Claims, the Debtor may request that the Bankruptcy Court confirm this Plan in accordance with §1129(b) of the Bankruptcy Code.

## ARTICLE V
## PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS

5.1.    Class 1:  Allowed Administrative Expense Claims.  This class consists of all claims for any cost or expense of administration of the Chapter 11 Case incurred on or before the Confirmation Date entitled to priority under §507(a)(1) and allowed under §503(b) of the Bankruptcy Code, including any actual and necessary expenses of preserving the Debtors' estate, including wages, salaries, or commissions, for services rendered after the commencement of Chapter 11 Case, certain taxes, fines and penalties, any actual and necessary expenses of operation the business of the Debtor, any indebtedness

or obligations incurred by or assessed against the Debtor in connection with the conduct of its business, or for the acquisition or lease of property or for provision of services to the Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor's estate under Title 28, United States Code, and shall include all fees due to the Office of the United States Trustee. Until Debtor obtains a Final Decree, Debtor shall remain obligated to file quarterly operating reports and pay quarterly fees to the United States Trustee.

On the Effective Date, each Allowed Administrative Expense Claim shall be paid in full in Cash or from any retainers on hand, or upon such other terms as may be agreed by and between the holder of such Claim and the Debtor. Debtor estimates that total fees and expenses in Class 1 to the Maida Law Firm, P.C. will not exceed $25,000.00. This class is unimpaired. The Debtor has paid the sum of $12,000.00 into the law firm's trust account; and another $10,000.00 to the law firm post-petition.

5.2.    Class 2: <u>Allowed Secured Claim of Chambers County (Hotel Occupancy Tax).</u> This class consists of the allowed secured claim of Chambers County (Hotel Occupancy Tax). The allowed claim is in the amount of $154,431.04. This claim will be paid by the Reorganized Debtor in equal monthly installments of $3,435.23 at twelve percent (12%) interest over sixty (60) months beginning thirty (30) days from the Effective Date. This class is impaired.

5.3.    Class 3: <u>Allowed Secured Claim of Chambers County Tax Office</u>. This class consists of the secured claim of Chambers County Tax Office. The allowed claim is in the amount of $51,663.73 for 2015 taxes. The claim for 2015 ad valorem taxes has been paid in full. The Reorganized Debtor will continue, after the Confirmation Date to make escrow payments to First Bank & Trust, East Texas, which will pay the 2016 ad valorem taxes prior to year-end. This class is unimpaired.

5.4.    Class 4: <u>Allowed Secured Claim of First Bank & Trust, East Texas</u>. This class consists of the Allowed Secured Claim of First Bank & Trust, East Texas. The claim shall be paid the secured

amount $1,799,281.25 in monthly installments at 4.25% interest as follows:  The Debtor paid Adequate Protection payments of $5,911.18 from July 2015 through December 2015.  Debtor and the Reorganized Debtor after confirmation will pay until the Confirmation Date the amount of $9,900.00 from January 2016 through April 2016, then payments will be $18,000.00 from May 2016 through October 2016.  After the Confirmation Date, the Reorganized Debtor will pay this claim as set forth herein.  Payments will resume at $9,900.00 from November 2016 through April 2017, and will continue on this scheme until the last payment of $15,616.48 is made on June 30, 2030.

Beginning in January 2016, the Debtor and the Reorganized Debtor, after confirmation of the Plan, will make monthly escrow tax payment in the amount of $3,200.00 which obligation will be assumed by the Reorganized Debtor, to be adjusted yearly as necessary.  The Debtor and/or Reorganized Debtor will also escrow insurance payments monthly to the Bank.  This class is impaired.

The Debtor shall maintain its LaQuinta Franchise and comply with all terms of the LaQuinta Franchising Agreement maintain adequate insurance as provided under the Loan Documents; submit financial information and tax returns to the Bank, as provided in the Loan Documents; and provide access to the Debtor's books and records on at least three (3) business days' notice.  This class is impaired.

5.5    Class 5:  <u>Allowed Secured Claim of Small Business Administration c/o US Department of Treasury</u>.  This class consists of the secured claim of the Small Business Administration.  This claim in the amount of $1,838,807.24 and will be bifurcated for Plan treatment purposes.  The secured portion of this claim will be in the amount of $25,718.75 and will be paid by the Reorganized Debtor in equal monthly installments of $476.56 at 4.25% interest for sixty (60) months.  Payments will begin thirty (30) days from the Effective Date.  The unsecured portion of this claim will be in the amount of $1,813,088.49 and will be treated in Class 9.  This class is impaired.

5.6    Class 6: <u>Allowed Priority Claim of the Internal Revenue Service</u>.  This class consists of the possible priority unsecured claim of the Internal Revenue Service.  Any liabilities will be paid by the Debtor or its partners at the time any liability is determined. This class is unimpaired.

5.7    Class 7: <u>Allowed Priority Claim of Texas Comptroller of Public Accounts</u>.  This class consists of the Allowed Priority Claim of Texas Comptroller of Public Accounts.  This claim will be paid by the Reorganized Debtor in the amount of $7,448.75 in equal monthly installments of $169.83 for forty-eight months at 4.25% interest.  Payments will begin 30 days from the Effective Date.  This class is impaired.

A failure by the Reorganized Debtor to make a payment to the Texas Comptroller of Public Accounts pursuant to the terms of the Plan shall be an Event of Default.  If the Reorganized Debtor fails to cure an Event of Default as to such payments within ten (10) days after receipt of written notice of default from the priority tax creditors, then the Texas Comptroller of Public Accounts may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies of the Texas Comptroller of Public Accounts may have under applicable state law; and/or (c) seek such relief as may be appropriate in the Court.  The Reorganized Debtor shall be entitled to cure a default two (2) times over the payment period for this Class 7 claim. In the event of a third default, the Texas Comptroller of Public Accounts may proceed with the state law remedies for collection of all amounts due under state law for the Reorganized Debtor.

5.8    Class 8: <u>Allowed Claims of Equity Security Holders of Debtor.</u>  This class consists of the partners of the Debtor.  Existing equity will not retain any interest by and through the Debtor to the Debtor's property.  This class is impaired.

5.9    Class 9: <u>Allowed General Unsecured Claimants</u>.    All other holders of allowed general unsecured claims will be paid $50,000.00 in monthly installments of $833.33 per month over sixty months (60) beginning thirty (30) days from the Effective Date.  The $833.33 will be divided pro-rata by

10

the Debtor among the holders of allowed claims in the Class. The balance of any remaining debts will be discharged.

## ARTICLE VI
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1 <u>Assumption of Executory Contracts and Unexpired Leases</u>. As of the Effective Date, the Debtor will assume and assign its executory contract with LaQuinta pursuant to the Franchise Agreement to the Reorganized Debtor. The Debtor has pre-petition arrearages of this agreement in the amount of $32,682.38. The arrearages will be cured in 12 monthly installments of $2,740.00 per month. Any post-petition arrearages, attorney fees and costs that may exist will be cured within thirty (30) days from the Effictive Date. The Debtor, pursuant to this Plan assumes all of its executory contracts and assigns them to the Reorganized Debtor. Any rights of non-Debtor parties to executory contracts and unexpired leases to pursue claims for payment of cure amounts are preserved and shall be paid by the Reorganized Debtor.

6.2 <u>Disputes as to Executory/Unexpired Status.</u> Notwithstanding section 6.1 of this Plan, if on the Effective Date there is a pending dispute filed with the Bankruptcy Court as to whether a contract is executory or a lease is unexpired, the Debtor's right to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract is executory or the lease is unexpired.

6.3 <u>Expired Contracts or Leases.</u> Any contract or lease that expired pursuant to its terms prior to the Effective Date, and that has not been assumed or rejected by Final Order prior to the Effective Date, is hereby specifically rejected.

6.4 <u>Bar to Rejection Damages.</u> If the rejection of an executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a filed proof of claim filed on or within the later of (i) the Bar Date or (ii) the

date on which the Debtor rejects any such contract or lease, shall be forever barred and shall not be enforceable unless a proof of claim is filed with the Bankruptcy Court and served upon the Debtor and its counsel of record.

## ARTICLE VII
## EXCULPATION, RELEASE BY THE DEBTOR,
## RELEASE BY CREDITOR AND INTEREST HOLDER AND INJUNCTION

Article VII is intentionally being deleted by Debtor

## ARTICLE VIII
## GENERAL PROVISIONS GOVERNING DISTRIBUTIONS

8.1  Distribution Responsibility.  Subject to the specific treatment provisions of Article V, the Debtor shall be responsible for and shall be obligated to make, or administer where appropriate, all distributions required under this Plan.

8.2  Payment/Delivery Agents.  The Debtor, or such payment/delivery agent(s) as it may in its sole discretion employ, shall make all distributions and deliveries required to be made under this Plan.

8.3  Date of Distributions.  Distributions pursuant to this Plan shall be made on the date specified in Article V hereof, or any other payment or delivery date established in Section 7.1 hereof. Payments to normal post-petition course of business Claimants shall be made according to the terms of Debtor's post-petition agreements with such Claimants. Distributions to be made pursuant to this Plan on a specified date shall be deemed made on that date if made no later than three (3) days after such date.

8.4  Cash Payment.  Cash payments made pursuant to this Plan shall be in U.S. funds, by check drawn on a domestic bank, or by wire transfer from a domestic bank.

8.5  One Distribution Per Holder.  Payments made to Allowed Secured claims shall be made as provided in the treatment of each Allowed Secured Claims treatment in each Class.  Separate from this treatment, if the holder of a Claim holds more than one Claim in any one class, all Claims of such

holder in such class may be aggregated and deemed to be one Claim for distribution purposes, and only one distribution or delivery may be made with respect to the single, aggregated Claim.

      8.6      <u>Delivery of Distributions.</u>  Distributions to holders of Allowed Claims shall be made at the addresses set forth in any specific Order of the Court or stipulation between the Debtor and a particular Allowed Secured Claim.  Absent such Order or Stipulation, distributions to holders of Allowed Claims shall be made at the addresses set forth on the proofs of claim filed by such holders (or at the last known addresses of such holders according to the Debtor's schedules if no proof of claim is filed or if the Debtor has been notified of a change of address). As to any Allowed Claim not comprising an Allowed Secured Claim, if any holder's distribution is returned as undeliverable, or is not sent because no address is available, no further distributions to such holder shall be made unless and until the Debtor (or a payment agent, if applicable) is notified of such holder's then-current address on or within ninety (90) days from the date such distribution is made, at which time all missed distributions shall be made to such holder. Amounts in respect of undeliverable distributions made through a payment agent shall be returned to the Debtor, and remain with it until such distributions are claimed. All claims for undeliverable distributions must be made on or before 180 days from the Effective Date (the "Distribution Bar Date"). After such Distribution Bar Date, all unclaimed property shall revert to the Debtor. The claim of any holder with respect to such property, or the claims of any state under its unclaimed property laws with respect to such property (which state shall not be deemed a holder of a Claim under such laws for purposes of this Plan), shall be discharged and forever barred.

      8.7      <u>Time Bar to Cash Payments.</u>  Checks issued by the Debtor or the Reorganized Debtor, or by a payment agent on its behalf in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of issuance thereof. Requests for reissuance of any check shall be made directly to the Debtor.  Any claim in respect of such avoided check shall be made on or before the Distribution Bar Date.

8.8     Effect of Preconfirmation Distributions.  Nothing in this Plan shall be deemed to entitle the holder of a Claim that received, prior to the Effective Date, full or partial payment of such holder's Claim, by way of settlement or otherwise, pursuant to an order of the Bankruptcy Court, provision of the Bankruptcy Code, or other means, to receive a duplicate payment in full or in part pursuant to this Plan; and all such full or partial payments shall be deemed to be payments made under this Plan for purposes of satisfying the obligations hereunder.

8.9     Prepayment.  Unless this Plan otherwise provides, the Debtor or the Reorganized Debtor, shall have the right to prepay, without penalty, all or any portion of an Allowed Claim at any time.

## ARTICLE IX
## GENERAL PROVISIONS FOR OBJECTING TO CLAIMS AND RESOLVING AND TREATING CONTESTED AND CONTINGENT CLAIMS

9.1     Objection and Amendment Deadline.  As soon as practicable, but in no event later than forty-five (45) days after the Effective Date, objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made. All parties must file any amendments or modifications to their proofs of claim on or before the Effective Date.

9.2     Prosecution of Objections.  The Debtor shall have the sole responsibility for litigating, withdrawing or resolving all objections to claims after the Effective Date.

9.3     No Distributions Pending Allowance.  Notwithstanding any other provision of the Plan, no payments shall be made with respect to all or any portion of a Contested Claim unless and until all objections to such Contested Claim have been determined by Final Order.

9.4     Interest on Contested Claims.  No interest shall accrue on a Contested Claim during the period from the Effective Date until the date on which the claim is allowed, if ever.

9.5     Disallowance of Postpetition Additions.  The Debtor shall not be required to make specific objections to proofs of claim that allege a right to recover postpetition interest, penalties, fees and other accruals with respect to prepetition claims which are prohibited under section 502 of the

Bankruptcy Code (except secured claims entitled to such accruals pursuant to section 506(b) of the Bankruptcy Code), and any claim amounts attributable to such postpetition interest, penalties, fees and other accruals shall be disallowed in full upon entry of the Confirmation Order.

## ARTICLE X
## REORGANIZED DEBTOR'S OBLIGATIONS

10.1    Employees.  Shreem Corporation is obligated to employ all of the Debtor's employees at their current salary and benefit accruals for a minimum of ninety (90) days after the Effective Date, Shreem Corporation will also be responsible for all employee benefits accruing within 180 days of the Filing Date and all benefits accruing post-petition.  Shreem Corporation will also assume responsibility for maintaining all of the Debtor's business records.

10.2    Pre-Effective Date Liabilities.  On the Effective Date, the Reorganized Debtor will have no liability for any obligation of the Debtor that accrued prior to the Effective Date except for those liabilities expressly assumed in the Plan or which the Reorganized Debtor thereafter voluntarily assumes.  The Reorganized Debtor will assume the Debtor's executory contracts and the employee obligations as set forth above.  It is the intention of the Debtor and Reorganized Debtor to close on the transfer of the Transferred Assets prior to the Effective Date.

10.3    Vesting of Assets in Reorganized Debtor.  On the Effective Date, all of the Transferred Assets shall vest in the Reorganized Debtor, free and clear of all Claims and interests, but subject to the obligations as set forth in the Plan and the Confirmation Order.  The Debtor's partners, Hiral Patel and Ramesh Patel, shall remain liable only for the obligations due First Bank & Trust, East Texas and LaQuinta on the franchise agreement.

## ARTICLE XI
## MEANS FOR IMPLEMENTATION OF PLAN

11.1    Prohibition Against Discriminatory Treatment of the Debtor.  A governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant

to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor, or another Person with whom the Debtor has been associated, solely because of the commencement, continuation, or termination of the Chapter 11 Case or because of any provision of this Plan or the legal effect of this Plan, and the Confirmation Order shall constitute an express injunction against any such discriminatory treatment by a governmental unit.

11.2    <u>Discharge of Debtor.</u>   The Debtor and its partners shall be discharged, as of the Confirmation Date, from all claims and interests to the extent permitted by the Bankruptcy Code and except as expressly provided in this Plan; provided, however, nothing herein shall alter or affect the recourse of First Bank & Trust, East Texas from, in the event of an uncured default post Effective Date, from exercising its remedies upon its collateral under its loan documents as modified by the Plan; or LaQuinta pursuant to the terms of the franchise agreement.

11.3    <u>Preservation and Post-Effective Date Ownership and Management of the Debtor's Claims, Demands and Causes of Action.</u>   Subject to the provisions of this Plan, all claims, demands and causes of action held by, through or on behalf of the Estate against any other Person are hereby preserved in full and no provision of this Plan shall impair the rights of the Debtor, as applicable, with respect to any of such claims, demands and causes of action. The Plan shall not impair the claims, demands or causes of action of any party against any Person to the extent that any such claims, demands, or causes of action consist of the assertion of the individual rights, if any, of the party asserting the claims, demands or causes of action. All claims for recovery against any party not released in and by virtue of this Plan arising under any of sections 544, 545, 546, 547, 548, 549, 550, 551 or 553(b) of the Bankruptcy Code, are preserved notwithstanding the occurrence of the Effective Date by and in the name of the Debtor and Reorganized Debtor or its designee and shall be managed solely by the Reorganized Debtor for the benefit of the Class V beneficiaries of the Plan.

11.4  Compliance with Tax Requirements.  In connection with this Plan, the Debtor shall comply with all withholding and reporting requirements imposed by federal, state, local and foreign taxing authorities, and all distributions hereunder shall be subject to such withholding and reporting requirements to the extent applicable.

11.5  Compliance with All Applicable Laws.  Except as otherwise provided in this Plan, the Debtor shall comply with any applicable law, rule, regulation, or order of a governmental authority relating to its businesses; provided that nothing contained herein shall require such compliance by the Debtor if any such law, rule, regulation, or order is preempted by the Bankruptcy Code or if the legality or applicability of any such law, rule, regulation, or order is being contested in good faith in appropriate proceedings by the Debtor, and, where appropriate, for which an adequate reserve has been set aside on the books of the Debtor.

# ARTICLE XII
# MISCELLANEOUS

12.1  Retention of Jurisdiction.  The Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes:

(a)  To determine any and all objections to the allowance of Claims;

(b)  To determine any and all applications for allowance of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

(c)  To determine any applications pending on the Effective Date for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or with respect to which any may be liable, to determine the nature and existence of any executory contracts or unexpired leases, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(d)     To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date or filed thereafter by the Debtor pursuant to the provisions of Title 11.

(e)     To consider any modifications of this Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

(f)     To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan or any person's obligations thereunder;

(g)     To consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor's estate;

(h)     To issue such orders in aid of execution of this Plan including any orders necessary to effectuate a transfer of Debtor's property, to the extent authorized by section 1142 of the Bankruptcy Code; and

(i)     To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with this Plan or the Confirmation Order.

(j)     To determine all matters filed or to be filed relating to the Debtor which are adversary proceedings under Bankruptcy Rule 7001 including but not limited to claims arising under §§544, 546, 547, 548, 549, 550 of the Bankruptcy Code.

12.2    Modification of Plan.  To the extent not in violation of any previous Order of the Court with regard to any Allowed Secured Claim, modifications of this Plan may be proposed upon notice and hearing in writing by the Debtor at any time before confirmation provided that this Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor shall have complied with section 1125 of the Bankruptcy Code. This Plan may be modified at any time after confirmation in accordance with the requirements of the Bankruptcy Code.

12.3    Severability.  Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be

prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law, the Debtor may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

      12.4    <u>Revocation of Plan.</u>  The Debtor reserves the right to revoke and withdraw this Plan prior to entry of the Confirmation Order. If the Debtor revokes or withdraws this Plan, or if confirmation of this Plan does not occur, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

      12.5    <u>Inclusion of Disputed Claims.</u>   The Plan's treatment or classification of claims shall not be deemed an admission of the allowance or validity of such claims.

      12.6    <u>Lien Retention.</u>  First Bank & Trust, East Texas shall retain its liens and security interests following confirmation of the Plan; the Small Business Administration shall retain its liens and security interests following confirmation of the Plan but only to the extent of its allowed secured claim as described in Class 5.  Upon completion of the payments called for in this Plan to the respective secured creditor, such creditor shall provide the Reorganized Debtor with a release of its liens.  In the event the respective secured creditor fails to provide such release within thirty (30) days of the Reorganized Debtor's final payment, then the Reorganized Debtor may record such release.

      DATED this 7th day of December, 2016.

**LAQUINTA INN & SUITES PARTNERSHIP**

      BY:   /s/ Hiral Patel
               Hiral Patel, Partner

APPROVED BY:

**MAIDA LAW FIRM, P.C.**
**4320 Calder Avenue**
**Beaumont, Texas 77706**
**(409) 898-8200; Fax No. (409) 898-8400**


BY:   /s/ Tagnia Fontana Clark
       Tagnia Fontana Clark
       State Bar No. 24007194

**ATTORNEYS FOR DEBTOR**