

EOD

12/19/2016

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-10326 |
| LAQUINTA INN & SUITES PARTNERSHIP | § | |
| d/b/a LaQuinta Inn & Suites-Winnie, Texas | § | |
| xx-xxx5502 | § | |
| 1700 S. Wheeler | § | |
| Jasper, Texas  75951 | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |

## ORDER CONFIRMING THIRD AMENDED
## CHAPTER 11 PLAN OF REORGANIZATION

On August 31, 2016, the Court conducted an evidentiary hearing to consider confirmation of the Second Amended Plan of Reorganization filed by the Debtor, LaQuinta Inn & Suites Partnership ("Debtor").  At the confirmation hearing, the evidence established that all outstanding objections to the confirmation of the Plan had been satisfied or withdrawn and that the Plan had satisfied most of the applicable confirmation standards under § 1129(a) of the Bankruptcy Code.[1] However, the Court raised certain concerns *sua sponte* at the hearing regarding the propriety of certain exculpation, release and injunction provisions as contained in Article VII of the Plan.  Upon consideration of the evidence presented at the confirmation hearing, the Court, on November 18, 2016, the Court issued its *Interim Order Regarding Confirmation of Debtor's Second Amended Plan of Reorganization* **[dkt #97]** regarding the Article VII provisions.  In response to the Court's Interim Order, the Debtor, as the Plan proponent, filed a Notice of Withdrawal of Article VII as a component of a Third Amended Chapter 11 Plan of Reorganization (the "Plan") filed on December 7, 2016 **[dkt #99]**. After considering the Plan and its removal of Article VII in response to the Interim Order, the resolution of objections filed to other provisions of the Plan, the evidence and testimony, and the arguments of counsel, and incorporating herein by reference findings made on the record at the confirmation hearing,

**THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

---

[1] As demonstrated by the ballot summary admitted at the hearing as Exhibit 1, the Debtor admittedly failed to show that all impaired classes had accepted the plan as required by § 1129(a)(8) of the Bankruptcy Code.  The Debtor thereafter sought to invoke the cramdown procedures outlined in § 1129(b) of the Bankruptcy Code because there was at least one impaired class voting affirmatively for the Plan.

1. That timely and adequate notice of the hearing of confirmation was issued to all appropriate parties and all objections to plan confirmation have been resolved or overruled.

2. That the Plan complies with all applicable provisions of the Bankruptcy Code.

3. That the Debtor has complied with all applicable provisions of the Bankruptcy Code.

4. That the Plan has been proposed in good faith and not by any means forbidden by law.

5. That all payments made or to be made by the Debtor in connection with the case, or in or in connection with the Plan, have been approved by the Court as reasonable, or will be subject to approval by the Court prior to payment.

6. That with respect to each impaired class of claims, each holder of a claim in each impaired class has accepted the Plan, or will receive or retain under the Plan on account of the claim property of a value, as of the effective date of the Plan, that is not less than the amount that the holder would receive or retain if the Debtor's non-exempt assets were liquidated under Chapter 7 of the Bankruptcy Code on the effective date of the Plan. No holder of a secured claim has made an election under Section 1111(b)(2) of the Bankruptcy Code.

7. That all holders of claims or interests impaired under the Plan have been given adequate opportunity to vote to accept or reject the Plan. However, due to the failure of some parties to submit ballots, all impaired classes have not accepted the Plan under Section 1129(a)(8) of the Bankruptcy Code.

8. That at least one class of claims of the Debtor that is impaired under the Plan has accepted the Plan, as determined without including the acceptance of the Plan by an insider of the Debtor holding a claim in the class. The classes of non-insider, impaired claims that have accepted the Plan are Classes 4 and 9.

9. That the confirmation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtor.

10. That all fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all fees as required by Section 1129(a)(12) of the Bankruptcy Code.

11. That the solicitation of acceptances of the Plan by the Debtor was in good faith.

12. That, due to the failure of some impaired classes to submit ballots, the Debtor has sought to invoke the "cramdown" provisions of Section 1129(b) against the technically dissenting classes.

13. That the Plan does not discriminate unfairly against and is fair and equitable with respect to each impaired, dissenting class.

Based upon the findings and determinations listed above, **IT IS HEREBY ORDERED THAT:**

1. The Third Amended Chapter 11 Plan filed on December 7, 2016, which has deleted former Article VII, be, and hereby is **CONFIRMED** as set for herein below:

2. The Debtor is hereby discharged from each debt or claim that arose against the Debtor prior to the date of this Order, whether or not a proof of claim based upon the debt or claim is filed or deemed filed in the case, whether or not a claim is allowed, and whether or not the holder of a claim has accepted the Plan; provided that nothing in this Order or in the Plan shall operate as a discharge of the Reorganized Debtor[1] (as that term is defined in the Plan) from claims, obligations, or liabilities to be paid or performed under the Plan or any agreement executed in conjunction with the Plan.

3. The provisions of the Plan, and all documents executed in conjunction with the Plan and this Confirmation Order are, as of the effective date of the Plan and as consistent with due process, effective and binding upon the Debtor, all creditors of the Debtor, and any other parties-in-interest, including their respective heirs, successors, assigns, or other persons claiming through them.

---

[1] All capitalized terms which are not defined herein are defined pursuant to the Plan

4. The Debtor and their respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order, including the authority to transfer, to the Reorganized Debtor all of the Transferred Assets including but not limited to 1.616 acres of land and a 0.118 acre roadway easement both out of and a part of Lot 4, Block 42, Winnie Suburbs Subdivision of J. Hoggat League Abstract No. 14, Chambers County, Texas subject only to the secured claims of Chambers County for hotel occupancy tax; Chambers County and related ad valorem taxing authorities for future ad valorem taxes; for First Bank & Trust, East Texas in the amount of $1,799,281.25 (per its proof of claim); and Small Business Administration in the amount of $25,718.75 as such claims are treated by the Plan and this Confirmation Order.

5. The Debtor's assumption and assignment to the Reorganized Debtor of the LaQuinta franchise agreement and any other executory contracts and unexpired leases, if any, as provided in the Plan are hereby approved.

6. Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in this case, or, if no proof of claim is filed, the creditor's last known address as reflected in the Debtor's amended schedules.

7. The stay in effect in this case pursuant to Section 362(a) of the Bankruptcy Code shall be dissolved and is of no force or effect as of the effective date of the Plan.  However, if there is a default in payment under this plan, the default must be cured within 21 days of written notice sent by the affected creditor to the Reorganized Debtor:  Shreem, Inc. c/o Hiralkumar Patel, 1700 S. Wheeler St., Jasper, TX 75951-5405.  If the default is not cured within the 21-day period, the creditor is free to seek any rights available under applicable non-bankruptcy law.

8. Each secured creditor herein shall retain the lien existing prior to the commencement of the case only to the extent allowed by the Plan to secure payment of the allowed amount of its secured claim. In the case of each secured creditor listed in this Plan, the allowed secured amount is the value set forth therein. Once the allowed secured amount has been satisfied through the Plan, the creditor's lien will have been satisfied in full and the lien shall be extinguished. Upon payment of the secured portion of a creditor's claim, the creditor shall immediately release its lien and deliver the properly executed release, in recordable form, to the Debtor.

9. The Court shall retain jurisdiction over this case to the extent provided in the Plan.

Signed on 12/19/2016

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

**APPROVED AS TO FORM AND SUBSTANCE BY:**

**MAIDA LAW FIRM, P.C.**

BY: /s/ Tagnia F. Clark
Tagnia F. Clark
State Bar No. 24007194
4320 Calder Avenue
Beaumont, Texas 77706
(409) 898-8200; fax (409) 898-8400

**ATTORNEYS FOR DEBTOR-IN-POSSESSION**

20150323.20150323/2612755.1